

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2003

# Parks v. Darby

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3421

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Parks v. Darby" (2003). *2003 Decisions.* Paper 388.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/388

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 01-3421
_____

RONALD PARKS;
THE EPILEPSY FOUNDATION OF
SOUTHEASTERN PENNSYLVANIA

v.

DARBY BOROUGH; ROBERT SMYTHE;
JAMIE CAMPBELL; CHARLES DAWSON;
LORI MCCLELLAND; FOLCROFT BOROUGH;
EDWARD CHRISTIE; TRIGG, OFFICER;
CHRISTOPHER EISERMAN; MERCY HEALTH
SYSTEM; MARK J. RAGNORE; STEPHEN J.
ORESKOVICH; KAREN L. WOOD;
THE MUNICIPAL POLICE OFFICERS'
EDUCATION AND TRAINING COMMISSION OF
THE COMMONWEALTH OF PENNSYLVANIA; RICHARD MOONEY

Darby Borough, Robert Smythe,
Jamie Campbell, Charles Dawson
and Joseph Trigg,

Appellants

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No.99-cv-03810 )
District Judge: Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
on March 3, 2003

(Opinion filed July 7, 2003)

––––
_____

OPINION

ROTH, <u>Circuit Judge</u>:

Appellee[1] Ronald Parks sought redress for injuries allegedly caused him by the defendants, the Darby police officers,[2] in his home during an epileptic seizure. Parks alleged in his complaint that he was improperly restrained by police and emergency personnel, leading to nerve damage and other injuries. The officers asserted, <u>inter alia</u>, the affirmative defense of official immunity. Following discovery, the officers filed a motion for summary judgment. The District Court issued an order that, in part, denied the Darby police officers' requested relief, including the claims of qualified immunity for Campbell, Dawson and Trigg. The individual officers appealed the denial of qualified immunity.

---

[1]Parks was joined as plaintiff by the Epilepsy Foundation of Southeastern Pennsylvania. However, the District Court dismissed all claims of the Epilepsy Foundation against the appellants.

[2]The defendants below included Darby Borough and individual police officers, including Robert Smythe, Jamie Campbell, Charles Dawson, and Joseph Trigg (the "Darby police officers"). The appellants before us are the individual Darby police officers.

They allege that the District Court misapplied the <u>Saucier v. Katz</u>[3] test of qualified immunity and that they are entitled to qualified immunity.

As a threshold matter, a Motions Panel of this Court held that we lacked jurisdiction over the appeal to the extent that the Darby police officers sought review of the sufficiency of the evidence to determine whether the officers' conduct was objectively reasonable. However, the panel determined that the appeal was preserved as to whether the constitutional right was clearly established.

We have jurisdiction over appeals from an order of the District Court if (1) the order is a "final decision" under 28 U.S.C. § 1291; (2) the order is a collateral order that amounts to a final decision under the same statute; or (3) the order denies the summary judgment motion of a public official who raised a qualified immunity defense, and the appeal concerns whether the facts demonstrate a violation of "clearly established law" (but "not which facts the parties might be able to prove"). <u>Johnson</u>, 515 U.S. 304, 309-11 (1995) (citations omitted). We conduct plenary review "of a District Court order denying qualified immunity at the summary judgment stage under the collateral order doctrine to the extent that the denial turns on questions of law." <u>See, e.g.</u>, <u>Schieber v. City of Philadelphia</u>, 320 F.3d 409, 415 (3d Cir. 2003) (internal citations omitted).

Thus, as the Motions Panel determined, we have jurisdiction to consider the claim that the District Court misapplied the <u>Saucier</u> test only to the extent that the officers raise a

---

[3]533 U.S. 194 (2001).

legal question; i.e. whether Parks' Fourth Amendment right to be secure from unreasonable seizure was "clearly established."[4]  The officers acknowledge that the District Court found that its decision on the Fourth Amendment claim was precluded by disputed facts as to whether Parks' rights were violated.[5]  However, the officers allege that they were entitled to a determination of whether their actions violated clearly established law under the circumstances, *i.e.*, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Saucier, 533 U.S. at 202 (internal citations omitted).

The Supreme Court has held that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."  Johnson, 515 U.S. at 319-20.  We conclude that the officers failed to limit their

---

[4]The Supreme Court established in Saucier a sequential two-part test to apply in a qualified immunity issue.  533 U.S. at 201.  Initially, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Id.  "If the [injured party] fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity." Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2001) (citations omitted).  However, "if a violation could be made out on a favorable view of the parties' submissions,...[we] next...ask whether the [constitutional] right was clearly established."  Saucier, 533 U.S. at 201.  "The focus of this step is solely upon the law...if the requirements of the law would have been clear [to a reasonable officer], the officer must stand trial."  Bennett, 274 F.3d at 136-37.

[5]The officers assert that the District Court should have inquired whether it was reasonable for them to attempt to restrain Parks in order to transport him to the hospital since they allege that they were not trained and not aware of any directives as to other means of accomplishing the transport.

4

appeal to a purely legal question.  We lack jurisdiction to determine whether the behavior

of the officers was reasonable under the circumstances, as this is a question of fact based

on disputed versions of the incident.  The officers failed to brief a <u>legal</u> argument in

support of their allegation that the District Court did not conduct an analysis of the second-

prong of the <u>Saucier</u> test.

Because we agree with the District Court's denial of the officers' motion for

qualified immunity, we will affirm the District Court's order denying qualified immunity.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

<u>/s/ Jane R. Roth</u>
Circuit Judge